IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON CARTER,

                Petitioner,                      ORDER

      v.                                  07-C-365-C

MARATHON COUNTY DISTRICT ATTORNEY'S
OFFICE and ASST. D.A. ROSA DELGADO, in
official capacity and personal capacity,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated August 3, 2007, I denied petitioner's request for leave to proceed in forma pauperis and dismissed his case with prejudice for his failure to state a claim upon which relief may be granted. I told petitioner that the unpaid balance of his filing fee in the amount of $348.30 was to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2).

Now petitioner has filed a request postmarked November 5, 2007, in which he asks that this court order that "all gifts received by the above-named petitioner are exempt from income withholding pursuant to statute." Unfortunately, no part of 28 U.S.C. § 1915

1

permits me to order any part of petitioner's income exempt from withholding.  The relevant portion of the statute reads, "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).  Moreover, in <u>Lucien v. DeTella</u>, 141 F.3d 773, 776 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit ruled expressly that the word "income" in § 1915(b)(2) means more than "earned income."

> Congress did not define the term "income" in § 1915(b), but it used several related terms: "income," "deposits," and "amount in the account."  These seem to be used as synonyms, which implies that "income" means "all deposits."  A prisoner therefore "shall forward 20% of whatever sums enter a prison trust account, disregarding the source.  That some receipts are gifts or bequests from family members does not shelter them from § 1915(b)(2), as the prison seems to have supposed.

Because the law is settled in this circuit that gift money is not to be excluded from the definition of "income" an inmate might receive, there is no basis for petitioner's request that this court enter an order exempting his gift money from collection to pay the filing fees he incurred in this case.

ORDER

IT IS ORDERED that petitioner's request that this court order prison authorities to exempt gift money he receives to his inmate account from withholding under 28 U.S.C. §

1915(b)(2) is DENIED.

Entered this 19th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3