IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON CARTER,

                Plaintiff,                    ORDER

         v.                                07-cv-365-bbc

MARATHON COUNTY DISTRICT ATTORNEY'S
OFFICE and ASST. D.A. ROSA DELGADO, in
official capacity and personal capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated August 3, 2007, I denied plaintiff Johnson Carter's request for leave to proceed in forma pauperis and dismissed his case with prejudice for his failure to state a claim upon which relief may be granted.  In his complaint, plaintiff alleged that he worked as an informant participating in "control drug buys" as a way to "work off" criminal charges against him, but defendant Rosa Delgado, an assistant district attorney, prosecuted charges against him anyway.  Now plaintiff has submitted a motion asking for the court to "do what you have to do to remove this case from the prison law library computer" because he would be "in big trouble" if other inmates learned that he worked for the authorities.

      It is unfortunate that plaintiff believes that he could be in danger at the Jackson

1

Correctional Institution; incarceration is unpleasant enough without the added burden of living in fear. However, the general rule is that materials should not be sealed "unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009). This rule applies with special force to judicial opinions, which are presumptively public. Id. Further complicating things is that plaintiff failed to ask for the record to be sealed until now, years after the orders were released to the public. Although the court's orders in this case were not published, they are accessible through electronic legal databases. It is unclear whether the electronic content providers would even honor this court's request to withdraw those orders from the database; I am unaware of any instances in which opinions have been removed from these databases other than opinions that have been vacated by a court.

Given that plaintiff does not indicate that he has encountered any threats to his safety since the orders were issued, it is difficult to justify taking the extraordinary steps of sealing the case years after it was resolved and requesting that electronic content providers remove the orders from their databases. Therefore, I will deny the request unless plaintiff makes a more compelling showing why the court should take these actions. He will have to provide more than mere speculation that he could be in "big trouble" if another inmate saw the orders in this case.

ORDER

IT IS ORDERED that plaintiff Johnson Carter's request to seal the record in his case is DENIED.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3