IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON CARTER,

                Plaintiff,                              ORDER

      v.                                        07-cv-365-bbc

MARATHON COUNTY DISTRICT ATTORNEY'S
OFFICE and ASST. D.A. ROSA DELGADO, in
official capacity and personal capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated August 3, 2007, I denied plaintiff Johnson Carter's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismissed his case with prejudice for his failure to state a claim upon which relief may be granted.  In his complaint, plaintiff alleged that he worked as an informant participating in "control drug buys" as a way to "work off" criminal charges against him, but defendant Rosa Delgado, an assistant district attorney, prosecuted charges against him anyway.  In April 2010, plaintiff submitted a motion asking for the court to "do what you have to do to remove this case from the prison law library computer" because he would be "in big trouble" if other inmates learned that he worked for the authorities.  I

1

denied that motion, stating as follows:

> It is unfortunate that plaintiff believes that he could be in danger at the Jackson Correctional Institution; incarceration is unpleasant enough without the added burden of living in fear. However, the general rule is that materials should not be sealed "unless a statute or privilege justifies nondisclosure." <u>United States v. Foster</u>, 564 F.3d 852, 853 (7th Cir. 2009). This rule applies with special force to judicial opinions, which are presumptively public. <u>Id.</u> Further complicating things is that plaintiff failed to ask for the record to be sealed until now, years after the orders were released to the public. Although the court's orders in this case were not published, they are accessible through electronic legal databases. It is unclear whether the electronic content providers would even honor this court's request to withdraw those orders from the database; I am unaware of any instances in which opinions have been removed from these databases other than opinions that have been vacated by a court.
> 
> Given that plaintiff does not indicate that he has encountered any threats to his safety since the orders were issued, it is difficult to justify taking the extraordinary steps of sealing the case years after it was resolved and requesting that electronic content providers remove the orders from their databases. Therefore, I will deny the request unless plaintiff makes a more compelling showing why the court should take these actions. He will have to provide more than mere speculation that he could be in "big trouble" if another inmate saw the orders in this case.

Now plaintiff has renewed his motion, stating,

> An inmate from Marathon County has come to JCI. Even though I didn't know this inmate personal on the outs. He heard about my case and has spreaded rumors that I was an informant for the authorities. I surely am being threaten about being an informant for the authorities. It's not just one person, it's several people. I've did my best to make them believe it's not true. However, if they decide some way to figure out what is the truth, by going on the electronic database, then I am in a whole lot of trouble.

I will deny plaintiff's renewed motion because he still fails to give the court a compelling reason to grant such an unusual request. Plaintiff does not explain whether he is currently in danger. He does not state that he has *actually* been threatened; instead he appears to speculate that fellow inmates *would* resort to violence against him if they could confirm the rumor being spread about him. I have no doubt that prisoners who have worked with the authorities may face danger if their cooperation becomes common knowledge within the prison, but the usual way for an inmate to seek protection is to discuss his problem with prison staff, who can place him in protective status if they deem the threat to be real. I encourage plaintiff to take his concerns to prison staff, and renew his motion with the court only if he can identify specific danger he faces and how prison staff have failed to respond to his concerns.

## ORDER

IT IS ORDERED that plaintiff Johnson Carter's request to seal the record in his case, dkt. #13, is DENIED.

Entered this 6th day of October, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3